The document below is hereby signed.

Signed: May 9, 2018



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JEROME JULIUS BROWN, SR., | ) | Case No. 18-00204 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | Not to be published in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE DEBTOR'S MOTION TO RECONSIDER

The debtor filed a timely motion to reconsider (Dkt. No. 67) pursuant to Fed. R. Bankr. P. 9023, which will be treated as a Fed. R. Civ. P. 59(e) motion to alter or amend a judgment. For the reasons stated below, the motion will be denied.

I

The debtor commenced this case by filing a voluntary petition, in which the debtor alleged that he was not required to receive prepetition credit counseling due to a disability. However, the debtor failed to file a motion for a determination by the court that he is unable to complete the credit counseling due to a disability as required by Fed. R. Bankr. P. 1007(b)(3). In dismissing the case, the court noted that "the debtor had filed a certification of completion of a postpetition

instructional course concerning personal financial management (Dkt. No. 54), a requirement not required of someone who is disabled.  *See* 11 U.S.C. §§ 727(a)(11) and 109(h)(4)."  *Order of Dismissal* (Dkt. No. 66) at 1.

## II

"A Rule 59(e) motion 'is discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting *National Trust v. Department of State*, 834 F.Supp. 453, 455 (D.D.C. 1993)).

## III

The court dismissed the debtor's case because he had not shown that he was exempted from taking prepetition credit counseling as required by 11 U.S.C. § 109(h).  Under § 109(h)(1), a person may not be a debtor if that person has not received a certificate of credit counseling within 180 days prior to the filing of a case in bankruptcy.  However, under § 109(h)(4), a debtor is exempt from filing a certificate of prepetition credit counseling if:

> the court determines, after notice and hearing, [the debtor] is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone.  For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that

he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

The debtor provided medical records in his motion showing that the debtor has suffered from several physical medical issues; however, none of the documents prove that the debtor was "so physcially impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or internet briefing required under paragraph (1)." Moreover, as the court noted in the *Order of Dismissal*, the debtor had completed and submitted a certificate showing that he had completed a post petition course in financial management. If the debtor was able to complete the post petition financial management course, he was certainly able to complete the prepetition credit counseling. Accordingly, the debtor has not provided any reason to reconsider the dismissal of his case. It is thus

ORDERED that the debtor's motion to reconsider (Dkt. No. 67) is DENIED.

[Signed and dated above.]

Copies to: Debtor; e-recipients of orders.