The document below is hereby signed.

Signed: June 6, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JEROME JULIUS BROWN, SR., | ) | Case No. 18-00204 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING APPLICATION FOR WAIVER OF APPEAL FEES AND COSTS

The debtor has filed a notice of appeal (Dkt. No. 74) of this court's *Order of Dismissal* (Dkt. No. 66). The notice of appeal includes an application to proceed without prepayment of fees and affidavit pursuant to 28 U.S.C. § 1915 based upon the debtor's indigent status. The court will deny the debtor's request for waiver of the fee without prejudice to the debtor's right to renew his request in the District Court as the appellate court.[1]

---

[1] The debtor is free to seek relief under § 1915(a) from the District Court as the appellate court even though this court has denied § 1915(a) relief. *See Wooten v. District of Columbia Metropolitan Police Dept.*, 129 F.3d 206, 207 (D.C. Cir. 1997) ("Under Rule 24(a), if a district court denies a litigant leave to appeal in forma pauperis, the litigant may file a motion in the court of appeals to proceed in that status within 30 days after service of notice of the district court's action.").

I

Pursuant to § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The court finds that the debtor's appeal is entirely without merit, and the court thus certifies that the appeal is not taken in good faith. It follows that, even though this court has the power to waive fees under 28 U.S.C. § 1915(a), this court ought not grant the application to proceed with this appeal *in forma pauperis* in accordance with § 1915(a)(3).[2]

II

The application should also be denied under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, under which the bankruptcy courts have the power to waive filing fees for chapter 7 debtors whose income falls below a certain level and who have demonstrated an inability to pay the fee in full or in

---

[2] Courts are divided regarding whether a bankruptcy court has the power to grant a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. I view bankruptcy courts as authorized to act on motions under 28 U.S.C. § 1915. That provision authorizes the waiver of fees by "any court of the United States." Bankruptcy courts are not included in the definition of a "court of the United States," but I view that as irrelevant because the district court is a court of the United States, and by way of referral under 28 U.S.C. § 157(a), the bankruptcy court exercises, in the first instance, the power of the district court to act on such an application. *See In re Yelverton*, No. 09-00414, 2013 WL 6038243, at *2 (Bankr. D.D.C. Nov. 14, 2013). *See also In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3d Cir. 2008); *but see Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 893-96 (9th Cir. 1992).

installments. *See* 28 U.S.C. § 1930(f)(1)-(2). This court previously granted the debtor's application for waiver of the chapter 7 filing fee, and the debtor has submitted with his notice of appeal an affidavit demonstrating that he continues to qualify for waiver of fees in this court under § 1930(f).

The court's power to waive the fee when a debtor otherwise qualifies for waiver under 28 U.S.C. § 1930(f), however, is discretionary. Thus, although the court has the power to waive the filing fee, it is not required to do so. The court finds that the debtor's appeal lacks merit,[3] and the court, in the exercise of its discretion, will deny a waiver under 28 U.S.C. § 1930(f) of appeal costs and fees.

III

For the foregoing reasons, it is

ORDERED that the debtor's motion for a waiver of costs (Dkt. No. 74) is DENIED without prejudice to renewal of the debtor's request in the district court. It is further

---

[3] The debtor has not conducted the bankruptcy case in a diligent fashion, and that is an additional reason to decline to grant a waiver under 28 U.S.C. § 1930(f). The debtor has failed for more than 45 days to file schedules, a statement of financial affairs, and other papers required to be filed in the case pursuant to 11 U.S.C. § 521(a)(1). The bankruptcy case has become subject to automatic dismissal under 11 U.S.C. § 521(i). Further, the debtor has not filed a certificate of prepetition credit counseling as required by 11 U.S.C. § 521(b)(1), thus failing to show that he was eligible under 11 U.S.C. § 109(h) to commence the bankruptcy case, and that too would warrant dismissal of the case.

ORDERED that the clerk shall transmit a copy of this order to the clerk of the district court so that the district court is aware of the debtor's failure to comply with Rule 8001(a), which requires that a notice of appeal be accompanied by the prescribed fee.

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee.